UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT JOSEPH LUMPKIN, JR.,<br><br>              Plaintiff,<br>    v.<br><br>SCORE JAIL, et al.,<br><br>              Defendants. | Case No. 2:23-cv-01080-MJP-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for: March 15, 2024 |

This matter comes before the Court on defendants SCORE Jail, M. Gomez, and T. Barker's (collectively "defendants") motion for summary judgment. Dkt. 16. Plaintiff, who is representing himself and proceeding *in forma pauperis* ("IFP") has brought this 42 U.S.C. § 1983 action against defendants for allegedly violating his Eighth and Fourteenth Amendment rights due to his transfer to restricted housing. Dkt. 8. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). For the reasons set forth below, the undersigned recommends the Court should GRANT defendants' motion for summary judgment and DISMISS plaintiff's complaint without prejudice.

REPORT AND RECOMMENDATION - 1

|   |   |
|---|---|
| 1 | PROCEDURAL HISTORY |

On July 28, 2023 plaintiff filed a motion to proceed IFP in regard to his proposed civil rights complaint. Dkt. 5. He was detained[1] at the South Correctional Entity (SCORE) jail, in Des Moines, Washington, at the time that he filed his complaint and the motion to proceed IFP. See Dkt. 5 at 1; Dkt. 8, Complaint at 2; Dkt. 16 at 1-2.

On August 25, 2023 the Court granted plaintiff's IFP motion and ordered service of his complaint. Dkt. 7. On November 13, 2023 defendants filed a motion for summary judgment. Dkt. 16. Plaintiff did not respond to the motion. On December 5, 2023, defendants notified the Court that they served plaintiff with a copy of their motion and the required Rand notice by mailing to the two addresses they are aware that he is associated with, but mail sent to both addresses was returned to defense counsel. Dkt. 20 at 2. On December 6, 2023, the Court issued an Order to Show Cause directing plaintiff to update his current address with the Court by January 3, 2024 and accordingly re-noted defendants' motion for summary judgment to January 3, 2024. Dkt. 21. Plaintiff did not respond to the Order to Show Cause and to date has not filed a response to the motion for summary judgment.

---

[1] The parties agree that plaintiff was a pretrial detainee at the time of the events alleged in the complaint (June 12, 2023) and when he filed this lawsuit in July 2023 (see Dkt. 8, Complaint, at 2, 5; Dkt. 17-5, Jail Events Summary Report, at 3); he was in the SCORE Jail after having been arrested for new charges, not as an inmate or prisoner – a person serving a sentence based on a conviction for an offense that had been adjudicated. The defendants refer to plaintiff as an "inmate" and "prisoner", but there is nothing in the record to suggest that he was convicted and sentenced to serve time in the Jail. It would seem the defendants are using "prisoner" as this term is defined in the PLRA, to mean a person who is either detained because they have detained or incarcerated relating to being charged with a criminal offense, or having been adjudicated as guilty of a criminal offense. 42 U.S.C. § 1997e(a, h); *Talamantes v. Leyva,* 575 F.3d 1021, 1023 (9th Cir. 2009). Plaintiff was released from SCORE Jail on August 10, 2023. Dkt. 17-5, at 66.

BACKGROUND

Plaintiff brings claims against defendants SCORE Jail, M. Gomez (officer) and T. Baker (officer supervisor) for alleged violations of his Eighth and Fourteenth Amendment rights arising out of his June 12, 2023 transfer to restricted housing. Dkt. 8 at 4-5, 8. Plaintiff alleges that while he was being transported to restricted housing officers Gomez and Barker pulled on handcuffs with rope through the cuff port, causing nerve damage to his hand. *Id*. at 5.

Defendants submitted evidence that the Jail has a grievance process that was available to plaintiff. Dkt. 17-1 at 2-9. The process provides that a person who is detained at the Jail has "the right to a prompt and professional response to each legitimate grievance." Dkt. 17-1 at 3, 8. First, a grievant must submit a grievance using the kiosk in the Housing Units within 24 hours, detailing the reasons for the grievance and the specific resolution sought. *Id*. Medical grievances must be submitted and dealt with my medical staff. *Id*. If the grievant finds the response insufficient, he may appeal to administrative corrections staff by resubmitting the original grievance and response along with a completed Appeal Form within 72 hours of receipt of the original grievance response. *Id*. at 9. The appeal must be submitted informally to staff or through an Appeal Resolution Form which is routed to administrative staff. *Id*. Grievants have the right to represent themselves at any hearings, and to be notified of their rights at those hearings. *Id*.

Defendants declare that all detainees entering the Jail are provided a copy of the Inmate Manual and the Inmate Handout, which describe the Jail's grievance procedures. Dkt. 16 at 2. In addition, both the manual and the handout are readily

1 available for review at any time. *Id*. Plaintiff signed a SCORE Inmate Manual Acknowledgment/PREA Advisement Form acknowledging that he "received a copy of the Inmate Manual handout." Dkt. 17-5 at 67.

## DISCUSSION

Summary judgment is supported "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute concerning a material fact is presented when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

When the Court considers a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Id.* at 255. Yet the Court is not allowed to weigh evidence or decide credibility. *Anderson,* 477 U.S. at 255. If the moving party meets their initial burden, an adverse party may not rest upon the mere allegations or denials of their pleading; their response, by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). The Court may not

disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015).

In response to the motion for summary judgment, the nonmoving party is required to present specific facts, and cannot rely on conclusory allegations. *Hansen v. U.S.,* 7 F.3d 137, 138 (9th Cir. 1993). The court must determine whether the specific facts that are presented by the non-moving party, considered along with undisputed context and background facts, would show that a rational or reasonable jury might return a verdict in the non-moving party's favor based on that evidence. *Emeldi v. Univ. of Oregon,* 698 F.3d 715, 728-29 (9th Cir. 2012).

B. **42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the conduct complained of was committed by a person acting under color of state law, and (b) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *See Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff must show that each named defendant, through their own individual actions, violated plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

"Supervisory prison officials may be liable under § 1983 if they were 'personally involved in the constitutional deprivation or a sufficient causal connection exists between [their] unlawful conduct and the constitutional violation.'" *Rico v. Ducart*, 980 F.3d 1292, 1303 (9th Cir. 2020) (quoting *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013)). "This causal connection can be established by 'knowingly refusing to terminate a series of acts by others, which the supervisor[s] knew or should have known would cause others to inflict a constitutional injury.'" *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011)).

### C. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), requires that prisoners seeking to bring Section 1983 claims must first exhaust their administrative remedies:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C § 1997e(a). Exhaustion is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). All "available" remedies must be exhausted. *Id.* Exhaustion must be proper, meaning the prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford v. Ngo*, 548 U.S. 81, 92-95 (2006). Plaintiffs must file an appeal and exhaust all administrative appeals; they must also do so in a timely manner. *Id.* at 94. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Defendants bear the initial burden of showing there was an available administrative remedy and plaintiff did not exhaust that remedy. *Albino v. Baca*, 747

1   F.3d 1162, (9th Cir. 2014) (en banc). If that showing is made, the burden shifts to
2   plaintiff, who must either demonstrate they, in fact, exhausted administrative remedies
3   or they must "come forward with evidence showing that there is something in [their]
4   particular case that made the existing and generally available administrative remedies
5   effectively unavailable to [them]." *Id*. at 1172; *see also Ross v. Blake,* 578 U.S. 632, 644
6   (2016) (setting forth examples of when administrative remedies would be unavailable).
7   "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's
8   claim." *Albino*, 747 F.3d at 1170.

9       Defendants have submitted evidence establishing that the Jail had a grievance
10  process that was available to plaintiff, and that, at the time of filing this lawsuit, plaintiff
11  had failed to initiate a grievance on the claim at issue or to pursue any of the levels of
12  appeal provided by that process. Dkt. 17-1 at 3, 8-9. Defendants have met their burden
13  to establish plaintiff's failure to exhaust administrative remedies.

14      The burden shifts to plaintiff, who must either prove that he exhausted his
15  available remedies or "show that there is something particular in his case that made the
16  existing and generally available remedies effectively unavailable to him by 'showing that
17  the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or
18  obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting
19  *Albino*, 747 F.3d at 1172). A remedy can be deemed unavailable if, for example, it
20  "operates as a simple dead end," it is "so opaque that it becomes . . . incapable of use,"
21  or if "prison administrators thwart inmates from taking advantage of it." *Ross,* 578 U.S. at
22  633.

1    Plaintiff has neither produced any evidence relating to exhaustion of administrative remedies, nor has he responded to defendants' motion. The complaint also makes no claim that that the Jail's grievance process was in any way unavailable to plaintiff. The complaint includes an allegation that he was in restricted housing and did not have an infractions hearing, but there is no statement about whether he submitted a grievance or requested any hearing on a grievance. Dkt. 8, Complaint at 5, 7. Further, defendants submitted evidence that plaintiff had utilized the grievance process in a different situation – on June 26, 2023 he had filed a grievance related to the law library. Dkt. 17-4.

In short, the undisputed evidence demonstrates that plaintiff has failed to properly exhaust his administrative remedies by submitting a grievance and timely pursuing all available grievance appeals. *Woodford*, 548 U.S. at 92-95. The Court therefore recommends that plaintiff's claims be dismissed without prejudice. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

## CONCLUSION

Based on the foregoing discussion, because plaintiff has failed to exhaust his administrative remedies, the undersigned recommends the Court grant defendants' motion for summary judgment and dismiss plaintiff's claims, and that this case be closed.

NOTED FOR: MARCH 15, 2024 - 8

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6; Fed. R. Civ. P. 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **March 1, 2024**, as noted in the caption.

Dated this 28th day of February, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTED FOR: MARCH 15, 2024 - 9